AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

**FILED**
**JUN 2 6 2023**
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Carlton W. Shumate
*Petitioner*

v.

The People of the State of Illinois
*Respondent*
(name of warden or authorized person having custody of petitioner)

Case No. 23-1241
23 CF 74
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Carlton William Dennis Milton Shumate
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: Tazewell County Justice Center
   (b) Address: 101 S. Capitol Pekin, Illinois 61554.

   (c) Your identification number: 368979
3. Are you currently being held on orders by:
   ☐ Federal authorities    ☒ State authorities    ☐ Other - explain:
   In Custody at Tazewell County Justice Center    101 S. Capitol Pekin, Illinois 61554.
4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you:  N/A

       (b) Docket number of criminal case:
       (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☒ Pretrial detention
☐ Immigration detention
☐ Detainer
☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☒ Other (explain): Allegations against me involved United States postal service mail and narcotics - should be charged federally. My First state offer 20 years at a 75% term.

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: In the Circut Court of the Tenth Judicial Circut County of Tazewell
   (b) Docket number, case number, or opinion number: Case Number: (23 CF 74)
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
   My State Case Should be brought to the attention of a federal Judge - Being tried in the Wrong Jurisdiction. Penalties imposed: 720 ILCS 570/401 (c) (10.9)
   (d) Date of the decision or action: 1/27/23

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes    ☒ No
   (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:
        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

   (b) If you answered "No," explain why you did not appeal: Have not yet been convicted, also do not have experience with doing appeal processing. Have not been Sentenced yet.

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes    ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: N/A
   (2) Date of filing:
   (3) Docket number, case number, or opinion number:
   (4) Result:
   (5) Date of result:
   (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**
   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes    ☒ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: N/A
      (2) Date of filing:
      (3) Docket number, case number, or opinion number:
      (4) Result:
      (5) Date of result:
      (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**
    In this petition, are you challenging the validity of your conviction or sentence as imposed?
    ☐ Yes    ☒ No
    If "Yes," answer the following:
    (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
          ☐ Yes    ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: N/A
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes      ☒ No

If "Yes," provide:
(1) Name of court: In The Circut Court Of The Tenth Judicial Circut County of Tazewell
(2) Case number: (23 CF 74)
(3) Date of filing: 2-23-23 or Feb. 23, 2023.
(4) Result: Discovery was furnished in open Court
(5) Date of result: 2-23-23
(6) Issues raised: I was not Present in Court that day.

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes      ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody: N/A
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

        If "Yes," provide:
        (1) Date of filing: N/A
        (2) Case number:
        (3) Result:
        (4) Date of result:
        (5) Issues raised:

    (d)  Did you appeal the decision to the United States Court of Appeals?
        ☐ Yes      ☒ No
        If "Yes," provide:
        (1) Name of court: N/A
        (2) Date of filing:
        (3) Case number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

12.  **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☒ Yes      ☐ No
If "Yes," provide:
(a) Kind of petition, motion, or application: Motion for Bond Reduction Hearing
(b) Name of the authority, agency, or court: In The Circut Court Of The Tenth Judicial Circut County OF Tazewell
(c) Date of filing: 5/25/23 or May 25th 2023.
(d) Docket number, case number, or opinion number: 23 CF 74
(e) Result: Bond Reduction Was Denied.
(f) Date of result: 5/25/23 or May 25th 2023.
(g) Issues raised: My Public Defender argued that My bond should be reduced because of hardship on the account that I am a new Father with a one year old child, I also will be having a new born Child due in September. It was also discussed and brought to the attention of the Court that I have no extreme Criminal history.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** I allegedly caused approximately 412 grams of Methamphetamine pills to be mailed via the United States Postal Service (USPS) from a California Residence. To my residence in Pekin, Illinois

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Supporting Facts - All in my discovery papers !!!

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes    ☐ No

**GROUND TWO:** Package was allegedly intercepted at a St. Louis United States Postal Service Hub by postal inspector James Hertel.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Supporting Facts - All in my discovery papers !!!

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes    ☐ No

**GROUND THREE:** Pekin Detectives allegedly found $41,317 U.S. Currency inside a safe in a gallon zip lock bag majority of it was allegedly in $2,000 bundles that had all black rubber bands around them under my adult bedroom bed.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
All in discovery papers!

(b) Did you present Ground Three in all appeals that were available to you?
☒ Yes    ☐ No

Page 7 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Officers allegedly also located the following on a adult dresser in bedroom: pill bottle with no label containing 100 and 1/2 pills marked R039, pill bottle containing 231 pills marked M 30, 200 pills marked B 707. One empty vacuum seal bag that was similar in appearance

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: to the bag that the methamphetamine pills were packaged that were delivered to my residence.

Supporting facts - discovery papers!!!

(b) Did you present Ground Four in all appeals that were available to you?
☒ Yes    ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: There is alot of alleged evidence against me in this case all which can be found in my discovery papers. I believe that some of the grounds that I have already listed off should be brought to the attention of a federal judge and or prosecutor so that I can be tried in the right jurisdiction.

**Request for Relief**

15. State exactly what you want the court to do: I would like for the Federal Court system to look into my state case to see if I qualify to be tried in a federal court. I believe I am being tried in the wrong jurisdiction, and I also believe I will be over sentenced at the state level. I would also like for the court to send a DEA agent down to Tazewell County Justice Center, so I can speak with that agent. I have been wanting to cooperate with law enforcement since the start of my case, but have not been given the opportunity to do so. Thank you.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

6/21/23    Tazewell County Justice Center  Pekin, Illinois 61554.

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 6/21/23

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

Page 9 of 9

4. There are reasonable grounds for the belief that there exists a nexus between said $41,317.00 U.S. Currency and illegal drug activity.

5. On or about January 27, 2023, Carlton Shumate ("Shumate") resided at 1213 Florence Ave., Apt 12, Pekin, Illinois.

6. In or about January of 2023, Carlton Shumate ("Shumate") caused approximately 412 grams of methamphetamine pills to be mailed via the United States Postal Service ("USPS") from California to his residence at 1213 Florence Ave., Apt 12, Pekin, Illinois.

7. Based upon information and belief, Shumate intended to sell those methamphetamine pills.

8. Prior to said methamphetamine pills being delivered to Shumate's residence, U.S. Postal Inspector James Hertel intercepted the package containing said pills at the St. Louis USPS hub.

9. The package showed a delivery address of 1213 Florence Ave., Apt 12, Pekin, Illinois. The recipient listed on the package was Carlton Shumate. The package listed a "From" address of 6102 Agva St., Bell Gardens, California. Postal Inspector Hertel verified that the package was mailed from a USPS facility located in Cudahy, California on 1/19/2023.

10. Postal Inspector Hertel identified multiple IP addresses that were being used to track the package via the USPS online tracking number. Hertel verified that several of those IP addresses matched IP addresses used to login to a USPS online account in Carlton Shumate's name. The phone number on said USPS account was (309) 294-1339.

11. On 1/27/2023, at approximately 9:36 a.m., Postal Inspectors completed a controlled delivery of said package to Shumate at 1213 Florence Ave., Apt 12, Pekin, Illinois.

12. Immediately thereafter on 1/27/2023, the Central Illinois Emergency Response Team, along with Pekin Police Detectives, executed a search warrant at said address.

13. Shumate was taken into custody when he exited the residence as officers began to execute the search warrant.

14. Shumate was searched and Pekin Detective Jeffery Stolz located an Apple iPhone and car keys in Shumate's pocket. The car keys where attached to a keychain that had a picture of a baby on it.

15. Inside the residence, officers located Kaylee Blalock ("Blalock") and a 10-month-old child. Based upon information and belief, the 10-month-old is the child of Shumate and Blalock.

16. The residence was a 2-bedroom apartment. One of the bedrooms contained an adult bed and adult clothing (the "adult bedroom"). The other bedroom contained children's toys and a children's bed.

17. Based upon information and belief, Blalock and Shumate resided in the adult bedroom.

18. Underneath the bed in the adult bedroom, officers located the package containing the methamphetamine pills, which was still unopened.

19. The methamphetamine pills were sent to the Illinois State Police Morton Forensic Science Laboratory for testing. Forensic Scientist Joni Little performed a drug chemistry analysis on the pills and found that the pills were a substance containing methamphetamine with a weight of 405.7 grams.

20. Also underneath the bed in the adult bedroom, officers located a locked safe.

21. The safe was opened with a key that was located on top of the dresser in the adult bedroom. The key that opened the safe was attached to a keychain that had a picture of the same baby as was on the keychain containing the car keys found in Shumate's pocket.

22. Inside the safe, officers located $41,317.00 U.S. Currency. Said U.S. Currency was inside a gallon zip lock bag and the majority of it was in $2,000 bundles that all had black rubber bands around them.

23. Officers also located the following on the dresser in the adult bedroom:

    a. A pill bottle with no label containing 100 and ½ pills marked R039;

    b. A pill bottle with no label containing 231 pills marked M30;

    c. A pill bottle with no label containing 182 pills marked R039;

    d. A pill bottle with no label containing 200 pills marked B707;

    e. A pill bottle with no label containing 24 full pills marked B707 and 23 partial pills;

    f. A pill bottle with no label containing 29 pills marked S903;

    g. One empty vacuum sealed bag that was similar in appearance to the bag that the methamphetamine pills were packaged in that were delivered to Shumate's residence;

    h. Two empty foil seal bags with "Alp yellow" written on them;

    i. Two loose pills marked R039; and

    j. A Woodforest bank card with the name Carlton Shumate on it.

24. Detective Stolz utilized Pill Identifier to identify the seized pills. The pills with the markings R039, B707, and S903 were identified as Alprazolam. The pills marked M30 were identified as Oxycodone Hydrochloride.

25. Based upon information and belief, Shumate possessed said pills in violation of the Illinois Controlled Substances Act and intended to sell said pills.

26. Also in the adult bedroom, officers located a large bag containing approximately 362 grams of cannabis in a plastic tub on the floor.

27. Based upon information and belief, Shumate possessed said cannabis in violation of the Cannabis Control Act and intended to sell said cannabis.

28. Also in the adult bedroom, officer located the following:

   a. A vacuum seal bag with orange residue on the bottom;

   b. One open bag of black rubber bands located on the bedside table;

   c. An Ameren bill addressed to Kaylee Blalock;

   d. Paternity paperwork from a lab which was addressed to Kaylee Blalock and had Carlton Shumate's name on it as the father of their child;

   e. Nine pairs of men's Nike shoes in the bedroom closet;

   f. Several pairs of men's underwear in the top dresser drawer; and

   g. Several pairs of men's shorts in the bottom dresser drawer.

29. Additionally, officers located one electronic scale in a kitchen drawer in the residence. Next to the scale was a Master Card debit card with Carlton Shumate's name on it.

30. On 1/27/2023, Pekin Detective Justin Fitzgerald interviewed Kaylee Blalock.

31. Based upon information and belief, Blalock and Shumate had been in a relationship since 2019.

32. Based upon information and belief, Blalock leased 1213 Florence Ave., Apt 12, Pekin, Illinois and had lived there for approximately one year.

33. Based upon information and belief, Shumate had lived with Blalock at the residence since August of 2022.

34. Based upon information and belief, Blalock pays the bills for the apartment, with exception of the internet bill, which Shumate helps out with.

35. Based upon information and belief, Blalock was not legally employed on 1/27/2023.

36. Based upon information and belief, Shumate was not legally employed on 1/27/2023.

37. Based upon information and belief, Shumate had not been legally employed since 2019.

38. Based upon information and belief, Shumate had received several packages at the apartment prior to 1/27/2023.

39. Based upon information and belief, Blalock was aware that there were pills in the bedroom.

40. Based upon information and belief, Shumate sold the pills.

41. Based upon information and belief, Blalock knew there was money in the safe.

42. Blalock stated that the money in the safe belonged to Shumate and not her.

43. Shumate and Blalock exchanged text messages regarding the arrival of a package from the post office in the days leading up to 1/27/2023.

44. Pekin Police Detective Fitzgerald seized Blalock's iPhone.

45. On 1/27/2023 at approximately 7:22 p.m., Shumate called Blalock from the Tazewell County Jail. During the call, Blalock told Shumate that when he gets home, "we're gonna go straight."

46. Later in the same conversation, Shumate talks about his arrest. Shumate states that as soon as he stepped outside, he knew something was wrong and he knew something was going on. Shumate stated, "remember I was telling you" and "I should have just moved my stuff."

47. On 1/27/2023, Pekin Detective Christopher Beecher performed a forensic extraction of Blalock's iPhone.

48. On 3/16/2023, Beecher reviewed the contents of the forensic extraction of Blalock's iPhone and observed the following, among other things:

   a. Thirteen received messages, between 8/29/2021 and 12/5/2022, from the straight talk automated service indicating the device's number was (309) 294-1339;

   b. One received text message from the straight talk automated service indicating the device's number was changed to (309) 201-2124 on 1/18/2023;

   c. (309) 201-2124 was the active number on the device during the extraction;

   d. A saved iOS contact displaying Shumate's picture under the number 1-309-294-1339;

   e. Six videos displaying large quantities of pills, some in vacuum seal packaging;

   f. One video displaying a white substance in vacuum seal packaging, which Beecher noted was consistent in appearance and packaging type with ice methamphetamine;

   g. Seven photos of pills, many of significant quantity similar to the quantity of pills in the controlled delivery package. Several photos show the pills in vacuum seal packaging and one of the photos displays the packaging and pills next to a USPS flat rate shipping box;

h.  Four photos depicting a white crystal-like substance displayed on a scale, which Beecher noted appeared to be ice methamphetamine;

i.  One screenshot of a text message conversation displaying a USPS priority mail shipping label sent and accompanying discussion of the narcotics order being sent. The mailing address displayed on the label is 3021 N. Woodbrine Ter., Apt. #2B, Peoria, Illinois. The conversation is dated December 8th. The screenshot was created on the device on 12/17/2021;

j.  Two photos of Carlton Shumate posing with large sums of banded U.S. Currency. These photos were created on the device on 12/18/2021. The EXIF data associated with these phots contains latitude and longitude date that places the location of the device when the photos were taken at 3021 Woodbrine Ter., Peoria, Illinois;

k.  One photo of a black semi-automatic handgun dated 5/28/2022;

l.  One photo of an appointment notice to Carlton Shumate for 9/2/2022 that states the case worker will call Shumate at his listed phone number of 309-294-1339;

m.  Two screenshots dated 10/27/2022 that show the discussion of an outstanding narcotics order and tracking number;

n.  One screenshot of messages from a narcotics buyer claiming the potency of the narcotics they received was significantly higher than they were used to receiving and asking for more of the higher potency drugs;

o.  Google searches for "meth vs. mdma" and "what do ppl cut meth with?";

p.  One iOS message thread between the device and an unidentified person. The message thread contains more than 1900 messages from 3/22/2022 to 12/16/2022

and discusses numerous narcotics transactions, where the unidentified person is the buyer. At one point, the unidentified person is directed to 1213 Florence Ave. in Pekin. The conversations discusses purchase of ice methamphetamine and Adderall;

q. One iOS message thread between Shumate's number and an unidentified person. The thread contains numerous discussions of narcotics transactions for cash prices and sexual favors, where the unidentified person is the buyer. The discussions also specifically discuss selling ice methamphetamine with an MMS video message sent from Shumate's number with the title "live video of ice" that shows a white substance in vacuum sealed packaging;

r. An iCloud account was linked to the device under the name Carlton.Shumate23@icloud.com.

49. Detective Beecher also performed a forensic extraction of Shumate's cellphone.

50. On 9/2/2022, Shumate sent a Telegram message to a supplier of narcotics that stated, "Yo my g I know I asked awhile ago but do you think you'll ever do Adderall production at all I make a shit ton on Adderall a month last month was $8k if you can ever do those we can make some serious dough my boy."

51. On 10/20/2022, Shumate sent a Telegram message to the same supplier of narcotics that stated, among other things, "when you're out we definitely gotta meet up I would love to learn the game from you I soak up and learn anything fast and especially when it comes to this I started with less than few $100 dollars when we first started talking now Im up 30k…".



"Detainee" Carlton W. Shumate
Tazewell County Justice Center
101 S. Capitol
Pekin, Illinois. 61554.

Legal Mail

Peoria, IL P&DF 616
THU 22 JUN 2023 PM

To: 305 U.S. Courthouse
100 N.E. Monroe Street.
Peoria, Illinois 61602.